### SAMUEL PALAIS vs. LOUIS DUHAMEL.

JULY 7, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Landlord and Tenant.  Attornment.*

Whether a tenant attorned to a new landlord is a question of fact, and where it appeared that the tenant received legal advice that by paying rent to the new landlord he would waive his rights and nevertheless paid rent several times although asserting that he did not waive his rights in so doing and that the landlord at request of tenant made repairs on the premises, a finding that tenant attorned was warranted.

TRESPASS AND EJECTMENT. Heard on exceptions of defendant and overruled.

PER CURIAM. This is an action of trespass and eject-ment. The case was tried by a justice of the Superior Court sitting without a jury. Said justice's decision was for the plaintiff for possession and costs. The case is before us on defendant's exception to said decision.

On January 24, 1921, the premises in question were demised by the then owner, Edmund R. Darling, by written lease to the defendant for a term of three years. The lease, which was duly recorded, contained a clause as follows: "And it is further agreed by and between the said parties that, if during the term of this lease, the lessor, his heirs or assigns, should desire to sell said demised premises, then the lessee, his executors, administrators or assigns, shall have the privilege of purchasing the same for the same price for which the lessor would be willing to sell to any other person; but, if the lessee, his executors, administrators or assigns, shall not exercise said option of purchase within ten (10) days after notice in writing from the lessor, his heirs or assigns, of such desire to sell, then this lease shall be and become void upon a conveyance of said demised premises by the lessor, his heirs or assigns."

By deed, dated October 5, 1921, said Darling conveyed said premises and also another parcel of real estate to

Abraham Dimond, et ux, without first giving the defendant the privilege of purchasing the premises in question "for the same price for which the lessor would be willing to sell to any other person." On November 9, 1921, said Dimond wrote to the defendant stating that the plaintiff had offered eight thousand dollars for said premises and that the writer was willing to sell for said sum. As the defendant did not within ten days signify his intention to exercise his option Dimond on November 23, 1921, sold said premises to the plaintiff who on the following day wrote the defendant stating that the plaintiff had purchased said premises and that, as the defendant had failed to exercise his option to purchase, said lease was terminated by the sale to the plaintiff.

The plaintiff contends that the defendant attorned to Dimond; that notwithstanding the failure of Darling to give the defendant the privilege of purchasing at the price for which Darling was willing to sell, Dimond by the conveyance from Darling coupled with the attornment, obtained a valid title to the premises, subject to said lease, and that the defendant's rights under said lease were terminated by the sale to the plaintiff after the defendant failed to avail himself of the opportunity which was given him to exercise his option to purchase.

The defendant contends that although he paid rent to Dimond he never attorned to him; that the conveyance to the plaintiff was not bona fide but was made for the fraudulent purpose of avoiding said lease and that in the consummation of the sale to the plaintiff he was given better terms than were offered to the defendant.

Whether the defendant attorned to Dimond was a question of fact. There was evidence that the defendant received legal advice to the effect that if he desired to compel specific performance he must bring a bill in equity for that purpose and not recognize Dimond as landlord and that by paying rent to Dimond the defendant would waive his right to compel specific performance. After receiving said advice

the defendant, although asserting that he did not waive his rights, made to Dimond several payments of rent as reserved in the lease. There was evidence that Dimond at the request of the defendant made repairs on the premises. Said justice found that the defendant attorned to Dimond and that the sale by Dimond to the plaintiff was not fraudulent. We think both findings were warranted by the evidence.

Did Dimond give the plaintiff better terms than were offered to the defendant? Dimond offered the premises in question to the defendant for eight thousand dollars to be paid in cash. Darling, when he conveyed to Dimond the premises in question together with another parcel of real estate, received from Dimond as a part payment of the purchase price a note for eight thousand dollars secured by a mortgage on the two parcels of real estate. When Dimond conveyed the premises in question to the plaintiff Darling released said premises from said mortgage, received from the plaintiff a note secured by mortgage for four thousand dollars on the premises in question and credited Dimond with four thousand dollars on his said mortgage note for eight thousand dollars and the plaintiff paid to Dimond two thousand dollars in cash and gave him a promissory note payable on demand for two thousand dollars, which note was paid according to the arrangement between the parties thereto on the following Monday, which was as soon as plaintiff could go to Boston to obtain the cash and return.

We think that Dimond sold to the plaintiff on substantially the same terms as were offered to the defendant. Dimond did not take a mortgage in part payment. While he did not actually receive the full amount of the purchase price in cash he was given credit for four thousand dollars on his note and received four thousand dollars in cash. Darling was apparently willing and did in effect loan the plaintiff four thousand dollars. Dimond was willing and perhaps pleased to pay a portion of his indebtedness to Darling. The loan to the plaintiff was an accommodation granted by Darling and not a concession made by Dimond.

The fact that the conveyance was not delayed one or two days to enable the plaintiff to go to Boston and get two thousand dollars is, in our opinion, of little consequence.

The defendant's exception is overruled. and the case is remitted to the Superior Court with direction to enter judgment on the decision.

*Charles H. McFee, James H. Rickard,* for plaintiff.

*Eugene L. Jalbert,* for defendant.